*Court of Common Pleas, Lebanon County, July 6th, 1868.*

MILEY *v.* THE LEBANON NATIONAL BANK.

When the wife of one of the jurors was a first cousin of the wife of one of the parties, that is a good reason for the challenge of such juror or for the granting of a new trial, if the relationship was not discovered until after the cause had been tried.

BY THE COURT.—This whole case on the evidence is obscure and unsatisfactory. It is hard to tell whether the note held by Miley, deceased, was owned by him, or came into his hands by accident, or as assignee. It could, one would think, be shown by the books of the bank which paid it, and whether Miley lifted it as an indorser. Unless a debt of Stimpler or of Wentz & Stimpler, it is scarcely to be supposed that it went into the large bond. The deposition of Wentz throws little, if any, light on the case; nor can much be collected from the various accounts on file. Possibly all may be more satisfactorily explained hereafter.

We feel ourselves constrained to grant a new trial on account of the connection of one of the jurors to the plaintiff. The question of relationship was propounded to the jurors, was not stated by them, was unknown to the defendant's counsel, and probably to

the plaintiff's counsel also. It is fair to presume that the juror did not understand the question as applying to affinity, but merely to consanguinity. It now appears that the juror and plaintiff are married to first cousins, which was good cause of challenge to the favor. Although we were not dissatisfied with the verdict on the evidence before us, yet we must keep the streams of justice not only pure, but above suspicion. If this motion depended on the verdict being against the weight of evidence, it could not be disturbed for two reasons. 1st. The evidence is not very decisive either way. 2d. It is by no means clear that a second trial will be attended with any different result.

But the plaintiff knew of the relationship, and should have mentioned it. Failing to do so may have been an oversight; but we cannot permit him to avail himself of the verdict.

A new trial must be granted, the costs to abide the event of the suit.

*Miller, for plaintiff.*

*Derr and Weidman, for defendant.*